# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA ESTELA CEJA MARTINEZ, | Case No. 1:21-cv-00489-SKO |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| FRANK BISIGNANO, Commissioner of Social Security,[1] | |
| Defendant. | (Doc. 1) |

## I.   INTRODUCTION

Plaintiff Blanca Estela Ceja Martinez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

## II.   FACTUAL BACKGROUND

Plaintiff was born in 1980, has a limited education (Administrative Record ("AR") 93), and previously worked as a farm laborer, janitor, and vegetable sorter, (AR 99). Plaintiff filed a claim for SSI payments on August 10, 2017, alleging she became disabled on August 1, 2015, (Doc. 6 at 6), due to diabetes mellitus; sleep related breathing disorders; and obesity, (AR 143). Following a

---

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 16.)

hearing, an Administrative Law Judge (ALJ) issued a written decision on November 23, 2020, finding Plaintiff not disabled. (AR 141–50.) On February 4, 2021, Plaintiff's appeal was denied by the Appeals Council. (AR 160–67.) Plaintiff then filed a claim in this Court. (*See* Doc. 1). The parties thereafter voluntarily remanded the case for further proceedings for the ALJ to "further evaluate the evidence, including evidence related to Plaintiff's obesity." (Docs. 18, 19.)

The ALJ conducted a hearing on October 3, 2023, (AR 37–65), and issued a "partially favorable" decision on October 27, 2023, (AR 1–36), finding Plaintiff "was not disabled prior to May 13, 2021, . . . but became disabled on that date and has continued to be disabled through the date of this decision," (AR 18).

A. **Relevant Evidence of Record**[3]

Numerous medical records document a finding that Plaintiff is morbidly obese. (*See, e.g.*, AR 721, 982, 985, 989, 1066, 1068, 1112, 1118, 1139, 1559, 1662, *see also, e.g.*, AR 910 (noting Plaintiff was 61.5 inches and 346 pounds); 1661 (noting Plaintiff was 367 pounds with a BMI of 69.34); AR 711 (noting a BMI 63.67); AR 733 (noting a BMI of 68.59); AR 1063 (noting a BMI of 64.20); AR 1089 (noting a BMI of 64.93); AR 1119 (noting a BMI of 64.56); AR 1550 (noting a BMI of 69.91); AR 1732 (noting a BMI of 64.9).)

Records also document diagnoses of diabetes mellitus, (*see, e.g.*, AR 938), and a sleep-related breathing disorder, (*see, e.g.*, AR 841, 1123–24).

B. **Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on November 14, 2017, (AR 178–82), and again on reconsideration on March 15, 2018, (AR 185–94). Following a hearing—during which Plaintiff testified that doctors advised her to lose weight as a part of her treatment plan, (AR 80–81)—an Administrative Law Judge (ALJ) issued a written decision on November 23, 2020, finding Plaintiff not disabled. (AR 135–59.) Plaintiff appealed the decision to the district court and the parties thereafter voluntarily remanded the case for further proceedings. (Docs. 1, 9.) The Appeals Council then remanded to the ALJ. (AR 173–75.)

---

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

At a hearing held on October 3, 2023, Plaintiff appeared with counsel and testified before an ALJ as to her alleged disabling conditions. (AR 37–55.) A vocational expert also testified at the hearing. (AR 55–65.)

**C.    The ALJ's Decision**

In a decision dated October 27, 2023, the ALJ issued a "partially favorable" decision, finding Plaintiff "was not disabled prior to May 13, 2021, . . . but became disabled on that date and has continued to be disabled through the date of this decision." (AR 18.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920. (AR 10–18.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since the date of the application (step one). (AR 10.) At step two, the ALJ found Plaintiff's following impairments to be severe since the alleged onset date of disability, August 15, 2025: diabetes mellitus, sleep related breathing disorder, degenerative joint disease of the left hip, mild lateral patellar facet and mild chondromalacia of the lateral patellofemoral facets, degenerative changes of the left ankle, and obesity. (*Id.*) The ALJ further found that prior to May 13, 2021, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 10–11.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[4] and applied the assessment at steps four and five. (AR 11); *see* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that, prior to May 13, 2021, Plaintiff had the RFC:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following exceptions: The claimant must never be required to climb ladders, ropes, or scaffolds. She is able to occasionally climb ramps and stairs. She is able to occasionally balance with a handheld assistive device (i.e., a cane) that is

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

3

> required at all times when standing. She is able to occasionally stoop, crouch, kneel, and crawl, and is able to frequently reach overhead, bilaterally. She is able to occasionally tolerate use of moving and/or dangerous machinery, and occasional exposure to unprotected heights. She is able to occasionally walk on uneven surfaces.

(AR 11.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not fully supported prior to May 13, 2021, for the reasons explained in [the ALJ's] decision." (AR 12.)

The ALJ determined that Plaintiff could not perform any past relevant work (step four) but that, given her RFC, she could perform a significant number of jobs in the national economy (step five). (AR 17.) Finally, the ALJ concluded Plaintiff "was not disabled prior to May 13, 2021, but became disabled on that date and has continued to be disabled through the date of this decision." (AR 18.)

### III.     LEGAL STANDARD

**A.     Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If

4

> so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation,

5

the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.   DISCUSSION

Plaintiff contends that the ALJ erred in formulating an RFC by failing to (1) comply with the Appeals Council's remand order, and (2) consider the combined effect of Plaintiff's impairments, including her obesity, in formulating the RFC assessment. (Doc. 20 at 7–28). The Commissioner responds that the ALJ complied with the Appeals Council's remand order and that the ALJ's decision is supported by substantial evidence. (Doc. 23 at 4–11.) The Court agrees that the ALJ erred by failing to discuss the impact of Plaintiff's obesity in the RFC assessment.[5]

At the first hearing, Plaintiff testified that doctors advised her to lose weight as a part of her treatment plan. (AR 80–81.) Plaintiff's morbid obesity is also well-documented in the record. (*See, e.g.*, AR 721, 982, 985, 989, 1066, 1068, 1112, 1118, 1139, 1559, 1662, *see also, e.g.*, AR 910

---

[5] Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument that the ALJ failed to follow the Appeals Council's remand order (Doc. 20 at 7–28; Doc. 24 at 2–13). *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised."). *See also Newton v. Colvin*, No. 2:13–cv–2458–GEB–EFB, 2015 WL 1136477, at *6 n.4 (E.D. Cal. Mar. 12, 2015) ("As the matter must be remanded for further consideration of the medical evidence, the court declines to address plaintiff's remaining arguments."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

(noting Plaintiff was 61.5 inches and 346 pounds); 1661 (noting Plaintiff was 367 pounds with a BMI of 69.34); AR 711 (noting a BMI 63.67); AR 733 (noting a BMI of 68.59); AR 1063 (noting a BMI of 64.20); AR 1089 (noting a BMI of 64.93); AR 1119 (noting a BMI of 64.56); AR 1550 (noting a BMI of 69.91); AR 1732 (noting a BMI of 64.9).)

The ALJ found obesity to be a severe impairment and noted that "the undersigned evaluated the claimant's obesity in accordance with SSR 19-2p, which indicates that the functional limitations caused by obesity, alone or in combination with other impairments, may equal a listing and that the Agency will not make general assumptions about the severity or functional effects of obesity combined with another impairment." (AR 11). But the ALJ then continued, stating "[t]he weight of the evidence as a whole does not indicate that the claimant's diabetes or obesity, considered either singly or in combination with another impairment, rise to the level of severity of any of the Listings." (*Id.*) Beyond that, the ALJ did not mention, let alone engage in meaningful analysis as to how Plaintiff's obesity impacts her other impairments or whether or how the ALJ factored Plaintiff's obesity in her RFC assessment. *See Mary Elizabeth C. v. Saul*, No. CV 19-3723-KS, 2020 WL 2523116, at *16 (C.D. Cal. May 18, 2020). This was in error.[6] *See Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003) (holding that the ALJ erred in not considering obesity in sequential analysis when obesity "was a condition that could exacerbate her reported illness"); *see also Ramirez v. Berryhill*, Case No. SACV 17-417-KS, 2018 WL 2392155, at *11 (C.D. Cal. May 25, 2018); *Mary Elizabeth C.*, 2020 WL 2523116, at *16, *Young v. Comm'r of Soc. Sec.*, No. 1:22-CV-00161-CDB (SS), 2024 WL 5186826, at *14 (E.D. Cal. Dec. 20, 2024); SSR 19-2p.

Given the well-established correlation between obesity and diabetes and a sleep-related breathing disorder (from which Plaintiff suffers), "the ALJ's failure to address obesity as a severe impairment in combination with Plaintiff's other impairments is legal error that is not harmless." *Ramirez*, 2018 WL 2392155, at *11, *see also id.* (noting the "the well-established correlation

---

[6] The Court notes that the ALJ's failure cannot be explained by the fact that the record is completely devoid of support for a finding that Plaintiff experienced limitations solely due to her obesity, because NP-C Mansilungan assessed functional limitations due to Plaintiff's morbid obesity. (AR 910–13.) But even if the ALJ's failure can be explained *ex post* by the fact that there is no record evidence that any doctor placed limitations or restrictions on Plaintiff's activities based solely on her obesity, this is insufficient. *See Ramirez*, 2018 WL 2392155, at *11. The Court may only review the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, F.3d at 630.

7

between obesity and diabetes milletus"); SSR 19-2p (explaining that "[r]espiratory impairments (for example, sleep apnea, asthma, and obesity hypoventilation syndrome)" are "associated with obesity)). Accordingly, remand is warranted on this issue.

### A.  Remand for Further Proceedings is Appropriate

When an ALJ commits error that is not harmless, "[t]he decision whether to remand for further proceedings or simply to award benefits is within the discretion of [the] court." *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). Because further administrative review could remedy the ALJ's error, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). *See also Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) ("If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("Remand for further administrative proceedings is appropriate if enhancement of the record would be useful."). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter*, 806 F.3d at 495 (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. *See, e.g.*, *Slover v. Kijakazi*, No. 1:21-CV-01089-ADA-BAM, 2023 WL 5488416, at *5 (E.D. Cal. Aug. 24, 2023), *report and recommendation adopted*, No. 121CV01089ADABAM, 2023 WL 5956801 (E.D. Cal. Sept. 13, 2023*)*. The Court's determination that the ALJ erred is not a finding that the ALJ must necessarily find Plaintiff was disabled prior to May 13, 2021, only that the ALJ must evaluate the

record more closely with respect to Plaintiff's obesity and if the ALJ elects to disregard obesity in the sequential evaluation, must articulate legally sufficient reasons supported by substantial evidence for doing so.  *See id.*

## V.     CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further proceedings consistent with this Order.  The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Blanca Estela Ceja Martinez and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **June 30, 2025**                          /s/ *Sheila K. Oberto*
                                                                       UNITED STATES MAGISTRATE JUDGE